*308
By. the Court,

Nelson, Ch. J.
The case of Woodin v. Bagley, .13 Wendell, 453, is in point against the action as to the personal property of. the ancestor. There it came from the grandfather, and had passed into the hands of the grandmother in her lifetime, and the suit was instituted against her executors. The court held that the action would not lie, as the plaintiffs were not entitled to the personal property as heirs, they not being liable to the creditors of the estate as such in respect to it; that it went to the personal representatives, who in judgment of law were distinct individuals. The case was distinguished from Hyde v. Stone, 7 Wendell, 354, which was shown to stand upon its peculiar circumstances, and out of the general principle. Neither possession in fact or by construction through force of title is shown to be in these plaintiffs.
Equally unfounded is the action to recover the products of the farm, as no right whatever is shown to them in the plaintiffs. The mother and father are presumed to be lawfully in the possession and occupation of the products—the mother as guardian in socage, and the step father jure uxoris ; 1 Johns. R. 163; 5 id. 66; 7 id, 156; 17 Wendell, 77; 1 R. S. 718, § 5 ; and of course the products belonged to them, or rather to the husband, Petrie. On the appointment of a general guardian, the rights and powers of a guardian in socage cease; 1 R. S. 719, § 7; but until he appears and asserts his right, the prior guardianship necessarily continues. 5 Johns. R. 67. The powers and duties of a general guardian and of a guardian in socage are now declared by statute. Among other things, he is “ safely to keep the things that he may have in his custody belonging to his ward, and the inheritance of his ward,” and “ shall answer to his ward for the issues and profits of real estate received by him.” 2 R. S. 153, § 20.
Judgment affirmed.