## SCHAFER v. BAKER.

DEEDS; DIVIDING WALLS; INCORPOREAL HEREDITAMENTS; LIGHT
AND AIR.

1. Where the owner of land, upon one portion of which is a frame house, conveys the other portion by a deed wherein the dividing line between the portion retained and that conveyed is described as "northwestwardly with the front line of the frame house," etc., and in the same deed it is provided that "nothing shall be put up which will obstruct the light from the front of the frame house," the front wall of the house in question is not a party wall but remains wholly on the parcel of land retained by the grantor.

2. An owner of land has the right to place windows and doors in a
   wall overlooking the land of his neighbor, if the wall is not a
   party wall but is wholly on the former's land, and the neigh-
   bor has no remedy for the overlooking of his privacy, if he is
   not guarded therein by deed or contract, except to build on
   his land opposite the offensive windows and doors.

No. 945. Submitted January 12, 1900. Decided May 7, 1900.

HEARING on an appeal by the defendant from an order of
the Supreme Court of the District of Columbia granting a per-
petual injunction enjoining the erection of a wall and direct-
ing the removal of windows in an existing wall. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. Andrew Wilson* and *Mr. N. W. Barksdale* for the
appellant.

*Mr. Wm. A. Gordon* and *Mr. J. Holdsworth Gordon* for the
appellee.

Mr. Chief Justice ALVEY delivered the opinion of the
Court:

This appeal is from an order of the court below granting
a perpetual injunction restraining the re-erection of a wall,
or the restoration of an old wall, with windows therein,
overlooking the adjoining premises of the complainant.
The facts are not many, though they are somewhat confused,
owing to the indefinite and ambiguous description of the
location of the premises involved.

The appellee, John A. Baker, the complainant in the
court below, filed his bill wherein he alleged that he is the
owner in fee simple of a part of the original lot number 4
in square number 381, in the city of Washington, D. C.,
adjacent on the east to property owned by the appellant,
Frederick Schafer. That originally Andrew Small was the
owner of the part of lot 4 embracing both portions of that
lot now owned by the respective parties to this suit. That
being the owner of such property, the said Small, by his

deed of January 6, 1858, conveyed to one John Bernhard the same property now owned by the appellee Baker, by a deed in the usual form, containing the following restriction: " With the express understanding that nothing shall be put up which will obstruct the light from the front of the frame house with a brick basement aforesaid ; that is, *the east front in the alley.*" By a deed of June 11, 1887, the heirs of Bernhard conveyed the premises owned by them to the appellee Baker, without any reference to this restriction in the deed to their ancestor.

It is alleged and shown that the representatives of Small retained the lot and premises upon which the frame house referred to in the deed of January 6, 1858, was situate, until the 10th of June, 1867, when his executors conveyed the premises to one Stephen Gatti. It subsequently became vested in the appellant by regular conveyances.

The frame house with a brick basement was a two-story structure, the first story being of brick, and the second story of frame; both of which stories contained windows opened towards the east, and overlooking the adjoining property now owned by the appellee. In 1871 the frame part of the structure, together with a portion of the brick story, was torn down, and on the remaining brick foundation another story of brick was raised with windows in both stories as before. During the past summer of 1899 this old wall, erected in 1871, was condemned, and, by order of the city building inspector, was torn down to the ground, but the foundation was not disturbed. On the original foundation the appellant began the erection of a new wall and had it completed to the top of the first story, with windows therein as theretofore, when this suit was instituted and the injunction obtained restraining further proceeding of the work.

The plaintiff in this case claims under and by virtue of the title derived by John Bernhard from Andrew Small, conveyed to the former by deed of January 6, 1858. In that deed the premises conveyed are described as follows:

" Beginning for the same at a point 122 feet and 6 inches
from the northwest corner of said square No. 381, thence
due east with the line of C street, 21 feet 6 inches; thence
due south, 49 feet; thence southwestwardly in a line at
right angles with the line of Louisiana avenue, 67 feet 9
inches; thence southwestwardly with the line of said
avenue, 10 feet 6 inches; thence northwestwardly *with the
front line of the frame house with a brick basement,* 50 feet 8
inches; thence west by a little south, 14 feet 5 inches;
thence north by a little west, 29 feet 6 inches; thence due
west, 3 feet 6 inches; thence due north, 40 feet 6 inches, to
the place of beginning;" and then follows the express
restriction, that nothing shall be put up which will obstruct
the light from the front of the frame house, etc.; that is,
the east front on the alley.

The part of lot number 4 retained by Small, upon which
the frame house referred to in the preceding description was
situated, was subsequently sold and conveyed by the execu-
tor of Small to Stephen Gatti, by deed dated June 10, 1867,
in which the parcel of the lot sold and conveyed is described
as follows,—as part of lot number 4, in square number 381,
beginning for the same at a point in C street north, at the
northwest corner of said lot, and running thence south, 75 feet;
thence southwestwardly, 56 feet 6 inches, to intersect Louisi-
ana avenue and at right angles with it; thence along said
avenue northwestwardly, 37 feet and 6 inches, thence north-
westwardly and at right angles with said avenue *along the
wall of house 50 feet 8 inches;* thence westwardly parallel
with Louisiana avenue, 14 feet 5 inches; thence north, 29
feet 6 inches; thence west, 3 feet 6 inches; thence north, 40
feet 6 inches, to the line of C street north, and thence west
along said C street, 21 feet 6 inches, to the place of begin-
ning. It is under the title conveyed by this deed that the
defendant claims, and according to the description therein
given that he now holds possession; and it is conceded that
the location contained in this deed embraces the house

referred to in the description given in the previous deed of Small to Bernhard, of January 6, 1858.

In the deed from the heirs of Bernhard to the plaintiff, dated June 11, 1887, the property claimed by the plaintiff is described substantially as it had been described in the deed from Small to Bernhard, of January 6, 1858. In referring to the northwest line of the description in this latter deed, the call is *with front line of frame house 50 feet 8 inches*, etc., being the same lot conveyed to John Bernhard, by deed, etc., referring to the previous deed of January 6, 1858.

The plaintiff in his bill alleges that Small, and those claiming under him, enjoyed the uninterrupted use of the windows in the frame house referred to in the description of the premises conveyed by the deed of January 6, 1858, so long as said frame house remained standing; but that said house was taken down and removed years ago, and the plaintiff now charges and contends that the right to open windows upon the lot now owned by him ceased with the removal of said frame house, and no longer exists in the defendant, claiming and holding as he does under Small by title immediately derived from Gatti. The plaintiff then charges that the defendant is now erecting a new wall on the dividing line between the part of lot 4 owned by him, and the part of said lot owned by the plaintiff; and, though fully advised as to the rights of the plaintiff, and notified that the plaintiff would not consent to windows in said wall opening upon his lot, the defendant still persists in the attempt to place such windows in said wall. That the plaintiff is advised and charges that the defendant has no right to erect a wall on his lot, with windows therein opening upon his land, and that the erection of a wall with such windows will be in violation of his rights, and of the building regulations in force in this District; and will inflict an irreparable injury to the right of the plaintiff in the use of adjoining premises.

Upon these allegations the plaintiff prays an injunction to restrain the defendant from proceeding further in the erection of the wall until the said windows are removed therefrom, and from erecting any wall between the property of the plaintiff and that of the defendant, with windows therein opening upon the land of the plaintiff.

The defendant, by his answer, controverts and denies the claim and pretensions of the plaintiff; and insists that he has perfect right to erect his wall with the windows therein, by virtue of the restriction contained in the deed from Small to Bernhard, of January 6, 1858; and he denies that the east wall of the frame house was made a party wall, or that it was ever treated as such by the parties concerned.

Proof was taken in support of the contentions of the respective parties, and the court, by its order of the 13th of October, 1899, ordered and decreed that the defendant and his agents be perpetually enjoined from erecting the wall in the cause mentioned, or any other wall on the same foundation, with windows therein, and that *he do remove the windows now existing in said wall*; and that, etc. It is from this decretal order that the present appeal is taken.

Upon the bill, and the facts produced in support of the allegations made therein, it is entirely clear that there is no such case presented as will justify an injunction to restrain the defendant in the use of the windows in the wall of the house that he is reconstructing on the foundations of the old frame house, mentioned and referred to in the deed to Bernhard of January 6, 1858.

In the first place, the wall in which the windows are being placed is not a party wall, in any proper sense of the term, and it has never been so used or regarded by the parties to this suit; but it is the exclusive property of the defendant. The wall is resting upon its old foundations, existing when the deed from Small to Bernhard was made, January 6, 1858, and no part of that wall was conveyed to Bernhard by that deed. The dividing line between the

house and premises retained by Small and the part of the
ground sold and conveyed to Bernhard, as called for by the
deed, is westwardly *with the front line of the frame house* with
a brick basement, 50 feet 8 inches; that is, the *east front* on
the alley.    And in the deed from Bernhard's heirs to the
plaintiff, the call in reference to the same line as given by
course and distance, and binding call, is expressed in sub-
stantially equivalent terms—the call as expressed being for
a line northwest *with front line of a frame house,* 50 feet 8
inches.    In neither of these calls was any part of the house
or wall thereof embraced.    The call is for a line running
northwestwardly *with the front of the house,* and this means
with the exterior line of the house, in the direction and for
the distance given, leaving the wall entirely upon the part
of the heritage retained by Small.    The line runs along the
eastern front of the house; and the front means that which
is in the external front, and not that which is in the rear of
the front wall, or in any interior part of the house, or wall
thereof.    If it had been intended to convey any part of the
eastern wall of the house for the benefit of the part con-
veyed, the call would have been along the center of the wall
and not in the front thereof.    But we must construe the
deed according to the intention of the parties, as that inten-
tion is made apparent upon the face and terms of the deed;
and the express restriction contained in the deed is conclu-
sive that no part of the wall was intended to be conveyed
for the benefit of the part sold to Bernhard; for that restric-
tion upon the use of the part conveyed excludes the right
to place any erection that would obstruct the light from the
front of the house, that is, the east front on the alley.
This restriction the grantor had a perfect right to make in
the disposal of his property, and the grantee in the deed
was bound to conform to it, in the use of the property con-
veyed to him.    This restriction, construed in connection
with the calls in the deed, makes it perfectly clear that no
idea of a party wall was contemplated by the parties to the

deed of January 6, 1858, and no such claim has been made until recently.

The wall being the exclusive property of the defendant, claiming title under Small, the grantor to Bernhard, upon what principle can the plaintiff, deriving title from and occupying the position of Bernhard, or Bernhard's heirs, claim that the part of the heritage conveyed to Bernhard is entitled to have the windows in the wall belonging to Small, and the parties claiming under him, closed, and the light and air from the vacant space conveyed to Bernhard excluded from the house retained by Small, in the division of the heritage? If the restriction in the deed to Bernhard, being intended for the benefit of the then existing house and the windows as then existing and used therein, be still a subsisting restriction, and operative to protect the windows that the defendant is replacing in the wall erected by him, then, of course, the plaintiff has no ground of complaint; for in such case the defendant would be fully protected by the restriction contained in the deed.

But suppose, as contended by the plaintiff, that the house has been so changed in its structure that it has lost its original identity, and that the windows that are now being placed in the restored wall are not entitled to the protection as inlets of light and air that was secured to the original windows (a proposition that is not necessary to be decided in this case, and which is not intended to be decided), still, the rights of the defendant would stand as at common law, and he would have an undoubted right to place windows and doors in his wall, and the question whether the light and air could be obstructed and excluded therefrom, could only arise under the restriction contained in the deed of January 6, 1858, if still in force, when the plaintiff, or those claiming under him, may undertake to place obstructions to such light and air to the defendant's windows, in violation of the restriction. When such obstruction is interposed, it will be time enough to decide the question as to the nature

and binding operation of the restriction, and whether it can
be invoked by the present defendant for the protection of
the windows that he is now replacing in the wall.

There is no question here of prescriptive rights of any
sort. And if the restriction contained in the deed to Bern-
hard of January 6, 1858, be out of the case, the only ground
upon which the present plaintiff could claim to stand, as
against Small and those claiming under him, would be by
*implication of right* to have the windows closed in the defend-
ant's wall, for the protection and privacy of the vacant space
on the east side of the defendant's house. But clearly there
is no sort of ground for any such claim in this case. The
restriction in the deed was for the benefit and protection of
the house and windows on Small's side of the dividing
line—in other words, it was for the protection of the
grantor; for as the grantee, in the case of an absolute con-
veyance, has a right to use the land granted him in any
lawful way that he may think proper, and as close up to the
dividing line as the nature of the property will admit, if
the grantor fear an injury to his lights and air, he should
make a restriction in the deed of conveyance; and that
appears to have been done in this case. *Tenant* v. *Goodwin*,
2 Ld. Raym. 1089, per Lord Holt; *White* v. *Bass*, 7 H. & N.
722; *Wheeldon* v. *Burrows*, 12 Ch. Div. 31, affirmed on appeal;
Bennett's Goddard's Law of Eas. 198.

In 3 Kent's Commentaries, p. 448, the author says: "The
elements of *air and light* are rights or incidents attached to
the enjoyment of real estate, and the law gives weight and
effect to the first appropriation of them. They may be
classed under the head of incorporeal hereditaments, and
the Roman law considered things of this kind, consisting in
rights and privileges, as *res incorporales.* If I build my
house close to my neighbor's wall, I can not compel him to
demolish it, though it may obstruct my light, for the first
occupancy is in him." And in those States and jurisdic-
tions in this country, where the English doctrine of *ancient*

lights does not prevail, and where the general doctrine of *implied grants* of light and air is not favored, except under very special circumstances, to prevent wrong and injury, the light and air which may be admitted by windows are not the subject of property beyond the moment of actual occupancy; and for overlooking one's privacy no action can be maintained. The party has no remedy, if he is not guarded in his privacy by deed or contract, but to build on the adjoining land opposite the offensive window. *Chandler* v. *Thompson,* 3 Camp. 80; *Cross* v. *Lewis,* 2 B. & Cr. 685; *Parker* v. *Foote,* 19 Wend. 308; *Pierre* v. *Fernald,* 26 Me. 436. For a full review of the authorities upon this subject, see Washburn on Eas. (4th Ed.), 664 to 669; Bennett's Goddard's Law of Eas. 194 to 202.

It follows that the decretal order appealed from must be reversed, and the injunction dissolved, and that the cause be remanded to the court below, with directions that the bill be dismissed; and it is so ordered.

*Decree reversed and bill dismissed.*